IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


GLORIA ANTHONY                                                          PLAINTIFF

          v.                              CIVIL NO. 20-4083

ANDREW M. SAUL, Commissioner
Social Security Administration                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Gloria Anthony, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the

Court must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 26, 2017, alleging

an inability to work since June 22, 2015, due to a back injury, arthritis, leg pain, memory problems

and depression.  (Tr.93, 98, 154). An administrative hearing was held on September 17, 2019, at

which Plaintiff, after being informed of her right to representation, testified without the assistance

of a representative.  (Tr. 33-77).

By written decision dated February 4, 2020, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

disease of the lumbar spine, degenerative joint disease of the bilateral knees, obesity, and cognitive

delay. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's

impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform less than sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for at least two hours in an eight-hour workday. However, the claimant can occasionally stoop, crouch, crawl, and kneel. The claimant cannot climb ladders, ropes, or scaffolds, but can occasionally climb stairs and ramps. The claimant is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces. The claimant cannot work in proximity to unprotected heights and dangerous moving machinery. The claimant can operate foot controls occasionally. The claimant [can] understand, remember, and carry out short, simple instructions. The claimant can perform simple, routine tasks with no fast-paced high production work. The claimant can make only simple work related decisions.

(Tr. 15-16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, a call out operator, and a surveillance system monitor. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 9, 2020. (Tr. 1-4). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point of appeal: 1) the ALJ failed to properly assess Plaintiff's chronic pain. (ECF No. 17, p. 2). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 18, p. 2).

The Court has reviewed the entire transcript and the parties' briefs. While Plaintiff argues the ALJ failed to properly assess her chronic pain, the ultimate issue is not whether Plaintiff experiences pain but whether her subjective complaints of pain are credible to the extent that the pain is disabling. *Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir. 2001) (holding that the real issue is not whether the plaintiff is experiencing pain, but how severe and whether it prevents her from performing any kind of work). A review of the record evidences that the ALJ considered Plaintiff's pain when he determined Plaintiff's capabilities during the time period in question. The ALJ's decision is supported by the record that revealed Plaintiff maintained the ability to travel to Dallas on several occasions to visit her family; to watch her grandchildren and help make sure they were ready for school on occasion; and to perform activities of daily living independently. (Tr. 401, 406, 485, 499). Plaintiff's treating physician also counseled Plaintiff on the importance of staying active and exercising at least six days of the week. (Tr. 535-536).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole

reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of July 2021.


/s/    *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE